UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **BANK OF AMERICA, N.A.,** | Case Number: |
| *Petitioner,* | |
| v. | |
| **CITY VIEW BLINDS OF N.Y. INC., COSMOPOLITAN INTERIOR NY CORPORATION, JLM DECORATING NYC INC., COSMOPOLITAN INTERIOR FLORIDA CORP., MOSHE GOLD, SIGNATURE BANK,** and **RAIZY GOLD**, | **VERIFIED PETITION** |
| Respondents. | |

Petitioner Bank of America, N.A., by and through its attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, by way of this Petition against the respondents City View Blinds of N.Y. Inc., Cosmopolitan Interior NY Corporation, JLM Decorating NYC Inc., Cosmopolitan Interior Florida Corp., Moshe Gold, Signature Bank, and Raizy Gold, respectfully alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S. C. § 1332(a) in that the amount in controversy is in excess of $75,000, exclusive of interest and costs, and there is diversity between the parties.

2. Venue is proper pursuant to 28 U.S.C. § 1391(a) in that City View Blinds of N.Y. Inc., Cosmopolitan Interior NY Corporation, and Signature Bank have places of business located in the Southern District of New York.

1

## THE PARTIES

3. Petitioner, Bank of America, N.A. ("*BANA*" or the "*Judgment Creditor*") is a national banking association chartered under the laws of the United States of America with its main office and principal place of business located in Charlotte, North Carolina as designated in its Articles of Association, and as such, it is a citizen of the State of North Carolina for diversity jurisdiction purposes by virtue of 28 U.S.C. § 1348.

4. Upon information and belief, respondent City View Blinds of N.Y. Inc. ("*City View*") is a New York Corporation, which maintains a place of business at 315 W. 39th Street, Suite 502, New York, NY 10018.

5. Upon information and belief, respondent Cosmopolitan Interior NY Corporation ("*Cosmopolitan NY*") is a New York Corporation, which maintains a place of business at 315 W. 39th Street, Suite 502, New York, NY 10018.

6. Upon information and belief, respondent JLM Decorating NYC Inc. ("*JLM*") is a New York Corporation, which maintains a place of business at 199 Lee Avenue, Suite 1016, Brooklyn, NY 11211.

7. Upon information and belief, respondent Cosmopolitan Interior Florida Corp. ("*Cosmopolitan FL*") is a Florida corporation, with a place of business at 902 Clint Moore Road, Suite 120, Boca Raton, FL 33487.

8. Upon information and belief, respondent Moshe Gold ("*Moshe,*" collectively with City View, Cosmopolitan NY, JLM, and Cosmopolitan FL, the "*Judgment Debtors*") is and, at all relevant times, was a natural person who is a citizen of the State of New York and who resides at 26 Heyward Street, #5-I, Brooklyn, NY 11249.

277489226v.6

9. Upon information and belief, respondent Signature Bank ("*Signature Bank*" or "*Garnishee*"), is a FDIC insured NY-based commercial banking institution with 40 private client offices throughout the New York metropolitan area with a main office located at 565 5th Ave, New York, NY 10017.

10. Upon information and belief, respondent Raizy Gold ("*Raizy*"), Moshe's spouse, is and, at all relevant times, was a natural person who is a citizen of the State of New York and who resides at 26 Heyward Street, #5-I, Brooklyn, NY 11249.

## NATURE OF THE ACTION

11. On April 29, 2022, a judgment was entered in favor of BANA and against the Judgment Debtors inclusive of, among other things, the sum of $5,945,899.78, as of March 22, 2022, plus accrued and unpaid interest, post-judgment interest at the lawful rate, and other amounts which remain unpaid to the Judgment Creditor (the "*Original Judgment*") and an Amended Judgment on June 13, 2022, which corrected the Original Judgment (the "*Judgment*"). (A true and correct copy of the Judgment is annexed hereto as **Exhibit "1"**).

12. This action seeks, pursuant to Federal Rules of Civil Procedure ("*FRCP*") 69(a) and NY Civil Practice Law Rules ("*CPLR*") § 5225(b), an Order directing Signature Bank, as garnishee, to turn over funds restrained pursuant to a certain Information Subpoena with Restraining Notice directed to Signature Bank dated July 26, 2022 (the "*ISRN*"), to BANA, which is to be applied towards the satisfaction of the Judgment.

## FACTUAL ALLEGATIONS

13. On November 24, 2020, BANA commenced an action against the Judgment Debtors for their default under a certain commercial loan by the electronic filing of a Verified Complaint and supporting documents with the Clerk of the United States District Court for the

Southern District of New York, entitled *Bank of America, N.A. v. City View Blinds of N.Y. Inc., et al.,* Case No. 20-cv-9911-SLC (the "***Original Action***").

14. On January 26, 2021, the Judgment Debtors filed their Answer to the Original Action (the "***Answer***").

15. On February 25, 2021, BANA and Judgment Debtors through their counsel consented to the jurisdiction of the Magistrate Judge and this matter was referred to Sarah L. Cave, U.S.M.J. ("***Magistrate Judge Cave***") by Order dated February 25, 2021 (the "***Reference Order***"). (A true and correct copy of the Reference Order is annexed hereto as **Exhibit "2"**).

16. On April 30, 2021, BANA moved for summary judgment on its claims against the Judgment Debtors (the "***Summary Judgment Motion***").

17. On February 25, 2022, Magistrate Judge Cave issued an Opinion and Order granting the Summary Judgment Motion (the "***Summary Judgment Order***").

18. On April 29, 2022, the Court entered the Judgment in favor of BANA and against the Judgment Debtors.

19. On July 26, 2022, in pursuit of BANA's remedies to enforce the Judgment, BANA's counsel issued and served the ISRN on Signature Bank pursuant to CPLR §§ 5222 and 5222-a, inclusive of exemption forms with respect to any restraints on respondent Moshe's accounts.

20. On August 18, 2022, the undersigned received Signature Bank's response to the ISRN (the "***Signature Bank ISRN Response***"). (A true and correct copy of the Signature Bank ISRN Response is annexed hereto as **Exhibit "3"**).

21. The Signature Bank ISRN Response listed the following nine (9) open accounts with positive balances in which the Judgment Debtors have an interest (the "***Restrained***

277489226v.6

*Accounts*"): (i) an account for City View ending in 8439 with a balance of $73.38 (the "*City View Account*"); (ii) accounts for Cosmopolitan NY, including an account ending in 2457 with a balance of $112.17 and an account ending in 2552 with a balance of $4,391.20 (collectively, the "*Cosmopolitan NY Accounts*"); (iii) an account for Cosmopolitan FL ending in 4904 with a balance of $60,172.11 (the "*Cosmopolitan FL Account*"); (iv) accounts for Moshe, including an account ending in 4052 with a balance of $54,544.59 and an account ending in 5667 with a balance of $9.57 (collectively, the "*M. Gold Accounts*"); and (v) joint accounts in the name of Moshe and Raizy including (A) an account ending in 8032 with a balance of $122.51 (the "*8032 Joint Account*"), (B) an account ending in 2879 with a balance of $69.37 (the "*2979 Joint Account*" and, together with the 8032 Joint Account, the "*Other Joint Accounts*") and (C) an account ending in 8641 with a balance of $1,003,519.86 (the "*8641 Joint Account*" and, collectively with the Other Joint Accounts, the "*Gold Joint Accounts*"[1]). (See Exhibit 3, pages 10-12). (The funds in the Restrained Accounts as described in this paragraph are referred to collectively herein as the "*Restrained Funds.*")

22. BANA's counsel has not received completed and executed Exemption Claim Forms from either respondents Moshe or Raizy with respect to the M. Gold Accounts and/or the Gold Joint Accounts.

23. As reflected in the Signature Bank ISRN Response, the 8641 Joint Account contained a restrained balance in the amount of $1,003,519.86 (the "*8641 Funds*").

24. The Judgment Creditor confirmed this balance pursuant to a July 2022 account statement for the 8641 Joint Account (the "*July 2022 8641 Statement*") which was produced by Signature Bank to the Judgment Creditor in response to a Subpoena dated August 23, 2022 (the

---

[1] Raizy is a nominal respondent to the extent of any interest that she may assert in the Gold Joint Accounts.

"*Signature Subpoena*"). (A true copy of the July 2022 8641 Statement is annexed hereto as **Exhibit "4"**).

25. The July 2022 8641 Statement covers the time period from July 1, 2022 through July 31, 2022.

26. The July 2022 8641 Statement demonstrates that the "Opening Balance" of the 8641 Joint Account, as of July 1, 2022, was only $25.46.

27. The July 2022 8641 Statement further demonstrates that, on July 28, 2022, a wire transfer from "John Hancock Life Insurance Compan[y]" was received in the 8641 Joint Account in the amount of $1,003,494.40 (the "*Life Insurance Deposit*") in connection with "OBI: Insured Helena Gold Policy ULI/0002 66242 Moshe Gold" (the "*Helena Gold Life Policy*").

28. The July 2022 8641 Statement demonstrates that virtually all of the funds currently restrained in the 8641 Joint Account pursuant to the ISRN served by the Judgment Creditor upon Signature Bank are the proceeds of the Life Insurance Deposit.

29. Signature Bank also has produced, in response to the Signature Subpoena, a wire confirmation receipt concerning the Life Insurance Deposit, which evidences that the Life Insurance Deposit was paid to respondent Moshe via wire transfer to the 8641 Joint Account as the sole "Beneficiary" of the Helena Gold Life Policy, identified in the receipt as "Insured Helena Gold Policy ULI/0002 66242 Moshe Gold." (A true and correct copy of the wire confirmation is annexed to hereto as **Exhibit "5"**).

30. On November 8, 2022, counsel for respondent Raizy commenced a special proceeding in the Supreme Court of the State of New York, Kings County, entitled *Raizy Gold v. Bank of America, N.A. et al.*, Index No. 532597/2022 (the "*Kings County Proceeding*") and emailed to the undersigned a copy of the pleadings in the Kings County Proceeding, which

enclosed a copy of the Helena Gold Life Policy as Exhibit A thereto. (A true and correct copy of the Helena Gold Life Policy as Exhibit A in the Kings County Proceeding is annexed hereto as **Exhibit "6"**).[2]

31. In the Kings County Proceeding respondent Raizy is seeking a declaration that she is the sole owner of the 8641 Funds in the 8641 Joint Account and permanently restraining and barring BANA from executing or levying upon the Life Insurance Deposit or otherwise seeking to satisfy its judgment against Moshe from the proceeds of the Life Insurance Deposit.

32. No relief is sought by respondent Raizy in the Kings County Proceeding with respect to any of the other eight (8) Restrained Accounts, thus necessitating the instant Petition regardless of the pendency of the Kings County Proceeding.

33. The terms of the Helena Gold Life Policy clearly names the primary Beneficiary as "Moshe Gold – son." (See Exhibit "6", p. 23).

34. The terms of the Helena Gold Life Policy clearly name Moshe as the Owner of the Helena Gold Life Policy. (See Exhibit "6", p. 23).

35. The Kings County Proceeding, however, seeks to circumvent the "Beneficiary" designation of Moshe in the Helena Gold Life Policy by alleging that on May 22, 2015 Moshe assigned his entire ownership and interest in the Helena Gold Life Policy to Raizy pursuant to a

---

[2] Counsel for respondent Raizy commenced the Kings County Proceeding only after Judgment Creditor's Counsel, on November 4, 2022, sent an e-mail (the "*November 4 Email*") to respondent Raizy's counsel requesting documentation evidencing Raizy's alleged interest in the Life Insurance Deposit and the 8641 Funds (or any of the other funds in the joint accounts), including a copy of the Helena Gold Life Policy and any other documents demonstrating that Raizy was a beneficiary of the Helena Gold Life Policy. The November 4 Email advised Raizy's counsel that, subject to any response received by Tuesday, November 8, 2022 at 5:00 p.m., the Judgment Creditor intended to move for turnover of the Restrained Funds. (A true and correct copy of the November 4 Email without attachments is annexed hereto as **Exhibit "7"**). Raizy's counsel did not respond to the November 4 Email and, instead, filed the Kings County Proceeding on November 8, 2022.

purported Assignment, which is attached as Exhibit B to the Kings County Proceeding. (A true and correct copy of the purported Assignment is annexed hereto as **Exhibit "8"**).

36. Upon information and belief, there is no evidence provided in the Kings County Proceeding that the Assignment was an arms-length transaction nor any evidence that it was ever conveyed to the insurer of the Helena Gold Life Policy.

37. Upon information and belief, the Kings County Proceeding fails to address why respondent Moshe was paid as the "Beneficiary" of the Helena Gold Life Policy.

38. Upon information and belief, the Kings County Proceeding fails to address why Moshe, as Owner of the Helena Gold Life Policy, allegedly executed an Assignment of his interests in the Helena Gold Life Policy to Raizy instead of simply changing the Beneficiary from Moshe to Raizy.

39. Upon information and belief, without any supporting documentation or evidence, the Kings County Proceeding alleges that respondent Moshe was named on the 8641 Joint Account "solely for convenience and emergency purposes" and does not address respondent Moshe's activity in the 8641 Joint Account prior to the service of the ISRN on Signature Bank.

40. This Petition seeks to address all nine (9) Restrained Accounts and seeks a Turnover Order with respect to all of the Restrained Funds.

41. Notwithstanding the pendency of the Kings County Proceeding with respect to the 8641 Joint Account, this Court should adjudicate any claims concerning all nine (9) of the Restrained Accounts in this proceeding, in the interests of judicial economy and to avoid duplicative proceedings and possibly inconsistent outcomes.[3]

---

[3] The Judgment Creditor intends to move before the Supreme Court of the State of New York to stay the Kings County Proceeding, in the interests of judicial economy, so that all issues relating to the turnover of all of the Restrained Funds in the nine (9) Restrained Accounts can be resolved in this action.

42. As of the date of the Petition, the full amount of the Judgment in favor of the Judgment Creditor remains unpaid and unsatisfied and the Restrained Funds continue to be restrained by Signature Bank.

43. FRCP Rule 69(a)(1) provides, in pertinent part, that judgment creditors may commence "proceedings supplementary to and in aid of judgment or execution," which "must accord with the procedure of the state where the court is located."

44. In New York, such procedures are set forth in CPLR § 5225(b), which provides:

Upon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment debtor has an interest, or against a person who is a transferee of money or other personal property from the judgment debtor, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff . . .

**AS AND FOR THE PETITIONER'S FIRST CAUSE OF ACTION**

45. Petitioner repeats and re-alleges each of the above paragraphs as if more fully set forth herein.

46. Upon information and belief, the respondent City View is the sole holder and owner of the City View Account.

47. Pursuant to the Judgment and ISRN, BANA's rights to the funds in the City View Account are superior to those of respondent City View and any of the other respondents.

48. By reason of the foregoing, BANA demands an Order and Judgment pursuant to FRCP Rule 69(a) and CPLR § 5225(b) directing Signature Bank to turnover to BANA the full amount of the City View Account of $73.38.

## AS AND FOR THE PETITIONER'S SECOND CAUSE OF ACTION

49. Petitioner repeats and re-alleges each of the above paragraphs as if more fully set forth herein.

50. Upon information and belief, the respondent Cosmopolitan NY is the sole holder and owner of the Cosmopolitan NY Accounts.

51. Pursuant to the Judgment and ISRN, BANA's rights to the funds in the Cosmopolitan NY Accounts are superior to those of respondent Cosmopolitan NY and any of the other respondents.

52. By reason of the foregoing, BANA demands an Order and Judgment pursuant to FRCP Rule 69(a) and CPLR § 5225(b) directing Signature Bank to turnover to BANA the full amount of the Cosmopolitan NY Accounts of $4,503.37.

## AS AND FOR THE PETITIONER'S THIRD CAUSE OF ACTION

53. Petitioner repeats and re-alleges each of the above paragraphs as if more fully set forth herein.

54. Upon information and belief, the respondent Cosmopolitan FL is the sole holder and owner of the Cosmopolitan FL Account.

55. Pursuant to the Judgment and ISRN, BANA's rights to the funds in the Cosmopolitan FL Account are superior to those of respondent Cosmopolitan FL and any of the other respondents.

56. By reason of the foregoing, BANA demands an Order and Judgment pursuant to FRCP Rule 69(a) and CPLR § 5225(b) directing Signature Bank to turnover to BANA the full amount of the Cosmopolitan FL Account of $60,172.11.

## AS AND FOR THE PETITIONER'S FOURTH CAUSE OF ACTION

57. Petitioner repeats and re-alleges each of the above paragraphs as if more fully set forth herein.

58. Upon information and belief, the respondent Moshe is the sole holder and owner of the M. Gold Accounts.

59. Pursuant to the Judgment and ISRN, BANA's rights to the funds in the M. Gold Accounts are superior to those of respondent Moshe and any of the other respondents.

60. By reason of the foregoing, BANA demands an Order and Judgment pursuant to FRCP Rule 69(a) and CPLR § 5225(b) directing Signature Bank to turnover to BANA the full amount of the M. Gold Accounts of $54,554.16.

## AS AND FOR THE PETITIONER'S FIFTH CAUSE OF ACTION

61. Petitioner repeats and re-alleges each of the above paragraphs as if more fully set forth herein.

62. Upon information and belief, the respondents Moshe and Raizy are joint owners of the Gold Joint Accounts.

63. Pursuant to CPLR § 5225 and N.Y. Banking Law § 675 there is a *rebuttable* presumption that respondents Moshe and Raizy each own one-half of the proceeds of the Gold Joint Accounts as of the date they were restrained by respondent Signature Bank.

64. Upon information and belief, although it is summarily represented in the Kings County Proceeding that respondent Moshe was named on the 8641 Joint Account "solely for convenience and emergency purposes," respondent Raizy has failed to provide sufficient documentary evidence or other proof to rebut the presumption that respondent Moshe owns at least one-half of the restrained funds in the Gold Joint Accounts.

11

65. Upon information and belief, Moshe was the sole Beneficiary of the Helena Gold Life Policy.

66. Upon information and belief, as to the 8641 Joint Account, virtually all of the 8641 Funds consist of the proceeds from the Life Insurance Deposit paid to respondent Moshe, as Beneficiary, pursuant to the Helena Gold Life Policy.

67. BANA is entitled to recover the share attributable to respondent Moshe's contribution to the 8641 Funds.

68. Upon information and belief, respondent Moshe's interest in the 8641 Funds consists of the full amount of the Helena Gold Life Policy Proceeds ($1,003,494.40), plus one-half of the balance of $25.46 ($12.73) for a total of $1,003,507.13.

69. Upon information and belief, respondent Moshe's interest in the restrained funds in the Other Joint Accounts, consists of one-half of the balance of $191.88 for a total of $95.94.

70. Pursuant to the Judgment and ISRN, BANA's rights to the funds as to respondent Moshe's interest in the Gold Joint Accounts are superior to those of respondent Moshe, Raizy and any of the other respondents.

71. By reason of the foregoing, BANA demands an Order and Judgment pursuant to FRCP Rule 69(a) and CPLR § 5225(b) directing Signature Bank to turnover to BANA: (i) the sum of $1,003,507.13 from the 8641 Funds and (ii) the sum of $95.94 from the Other Joint Accounts.

## AS AND FOR THE PETITIONER'S SIXTH CAUSE OF ACTION

72. Petitioner repeats and re-alleges each of the above paragraphs as if more fully set forth herein.

73. The Signature Bank ISRN Response reflects that Signature Bank is restraining

funds in the sum of $1,115,058.35 (see Exhibit 3, p. 11).

74. However, the aggregate amount of the Restrained Funds set forth in the Signature Bank ISRN Response, which were reportedly in the Restrained Accounts as of the date of restraint total $1,122,906.09 (see Exhibit 3, pp. 10-11).

| Account Ending | Judgment Debtor | Other Owner | Balance |
|---|---|---|---|
| 8439 | City View Blinds of N.Y. Inc. | None | $73.38 |
| 2457 | Cosmopolitan Interior NY Corp. | None | $112.17 |
| 2552 | Cosmopolitan Interior NY Corp. | None | $4,391.20 |
| 4904 | Cosmopolitan Interior Florida Corp. | None | $60,172.11 |
| 4052 | Moshe Gold | None | $54,544.59 |
| 5667 | Moshe Gold | None | $9.57 |
| 8641 | Moshe Gold | Raizy Gold | $1,003,507.13 |
| 8032 | Moshe Gold (1/2) | Raizy Gold | $61.26 |
| 2879 | Moshe Gold (1/2) | Raizy Gold | $34.68 |
| | | Total | $1,122,906.09 |

75. Upon information and belief, there is a deficiency in the amount of Restrained Funds by the respondent Signature Bank in the amount of $7,847.74.

76. By reason of the foregoing, BANA demands an Order and Judgment pursuant to FRCP Rule 69(a) and CPLR § 5225(b) directing Signature Bank to turnover to BANA the balance of funds in the amount of $7,847.74.

**WHEREFORE**, petitioner Bank of America, N.A. respectfully demands judgment on each of its claims against respondents City View Blinds of N.Y. Inc., Cosmopolitan Interior NY Corporation, JLM Decorating NYC Inc., Cosmopolitan Interior Florida Corp., Moshe Gold, Signature Bank and Raizy Gold together with such other and further relief which as to this Court

13

277489226v.6

seems just, proper, and equitable.

Dated: New York, New York
November 18, 2022

    Respectfully submitted,

    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

    By: /s/Michael Adam Samuels
    Michael Adam Samuels
    Daniel F. Flores
    150 E. 42nd Street
    New York, NY 10017
    Telephone: (212) 490-3000
    Facsimile: (212) 490-3038
    Email: michael.samuels@wilsonelser.com
    *Attorneys for Petitioner Bank of America, N.A.*

# VERIFYING AFFIDAVIT

STATE OF CONNECTICUT )
                            ) ss. West Hartford
COUNTY OF HARTFORD )

       **TIFFANY HIGGINS**, of full age, being duly sworn, upon his oath, deposes and says:

1. I am a Vice President and Senior Portfolio Officer at Bank of America, N.A. ("*BANA*"), the petitioner in this action. In my capacity with BANA, I am fully familiar with the facts of this case.

2. I have read the foregoing Verified Petition and all the allegations contained therein. Except as to allegations alleged upon information and belief, which allegations I believe to be true, all the allegations in the Verified Petition are true based on my personal knowledge, from public records, the records of BANA or information provided to BANA by representatives of respondents City View Blinds of N.Y. Inc., Cosmopolitan Interior NY Corporation, JLM Decorating NYC Inc., Cosmopolitan Interior Florida Corp., Moshe Gold, Signature Bank and Raizy Gold.

                                                             TIFFANY HIGGINS

Sworn and subscribed to before me
this _18_ day of November 2022

_____
NOTARY PUBLIC

GERARD HONIG
Notary Public, State of Connecticut
My Commission Expires Apr. 30, 2024

15