

> The Clerk of Court is directed to terminate Respondents' motion to dismiss.
>
> By May 17, 2023, the parties shall submit a joint letter setting forth their respective positions on next steps. Specifically, the letter shall indicate each party's views on whether an initial pretrial conference, referral to the Court-annexed Mediation Program, referral to the designated magistrate judge for settlement, or some other step would be most productive at this juncture.
>
> The Clerk of Court is directed to terminate ECF Nos. 42 and 47.
>
> SO ORDERED.
>
> *Jennifer H. Rearden*
>
> Jennifer H. Rearden, U.S.D.J.
> Date: May 9, 2023

May 8, 2023

**VIA ECF**

The Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1010
New York, New York 10007

      Re: *Bank of America, N.A. v. City View Blinds of N.Y. Inc., et al.*
         Case No. 22-cv-09871

Judge Rearden:

  We represent Respondents City View Blinds of N.Y. Inc., Cosmopolitan Interior NY Corporation, JLM Decorating NYC Inc., Cosmopolitan Interior Florida Corp., Moshe Gold, and Raizy Gold (collectively, "Respondents") in the above-referenced action. Consistent with Section 2.A of Your Honor's Individual Rules and Practices in Civil Cases, we write to advise the Court that the Supreme Court of the State of New York, County of Kings, has disposed of Raizy Gold's petition. A copy of the court's Decision & Order is annexed hereto as **Exhibit A**. Accordingly, the relief sought by Respondents' motion to dismiss pursuant to the *Colorado River* abstention doctrine (ECF Nos. 42-44) is now moot.

  We thank the Court for its attention to this matter.

            Respectfully submitted,

            */s/ Glen Lenihan*

            Glen Lenihan

Encl.
cc: All counsel of record (*via ECF*)

# Exhibit A

At an IAS Term, Part 52 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 21st day of April 2023

HONORABLE FRANCOIS A. RIVERA

-----------------------------------------------------------------X
In the Matter of the Application of RAIZY GOLD,

                           Petitioner,

- against -

BANK OF AMERICA, N.A. and SIGNATURE BANK,

                           Respondents,

- and –

MOSHE GOLD,

                           Nominal Respondent,

For an Order Pursuant to CPLR 5239 and 5240 to
Determine Adverse Claims
-----------------------------------------------------------------X

**DECISION & ORDER**

Index No.: 532597/2022

By notice of petition, filed on November 8, 2022, under motion sequence number one, the petitioner Raizy Gold, seeks an order pursuant to CPLR 5239 and 5240 for a declaration that petitioner Raizy Gold was the sole owner of the proceeds in a Signature Bank account ending in 8641 (hereinafter the 8641 Account) and to permanently restrain and bar the respondent Bank of America, N.A. from executing and levying upon the proceeds from the 8641 Account.

By notice of motion, filed on December 2, 2022, under motion sequence number two, the respondent Bank of America, N.A. seeks an order pursuant to CPLR 3211 (a) (4) to

dismiss the special proceeding, or, alternatively, pursuant to CPLR 2201 to stay the special proceeding.

NYSCEF document numbers 1-11, 24-34, and 36-55 were considered.

## BACKGROUND

On November 8, 2022, the petitioner commenced the instant special proceeding by filing a notie of petition, petition and accompanying documents with the Kings County Clerk's office (KCCO). On February 5, 2022, the respondent interposed an answer.

The petition alleges the following salient facts. The petitioner has a joint bank account (hereinafter the subject account) with her husband, the nominal respondent, Moshe Gold (hereinafter Moshe G.) but all of the funds in the subject account belong to the petitioner. On May 22, 2015, Moshe G. assigned his entire ownership of and interest in the Insurance Policy of Helena Gold, Moshe G.'s mother, to the petitioner by Assignment of Life Insurance Policy. On June 22, 2022, Helena Gold passed away. Consistent with the Assignment, the proceeds of the Insurance Policy totaling $1,003,519.86 (hereinafter the Insurance Proceeds) had been disbursed to the petitioner and deposited into the subject joint account.

On or about November 24, 2020, Bank of America filed a complaint against Moshe G. and certain entities in the Southern District of New York, Civil Action No. 1:20-cv-09911, for claims arising out of alleged breaches of a loan and security agreement (hereinafter the SDNY Action). The petitioner was not a party to the SDNY Action. On April 29, 2022, Bank of America obtained a judgment against the SDNY Action Defendants, including Moshe G., in

the SDNY Action, which was amended on June 13, 2022, in the amount of $5,945,899.78 (hereinafter the Judgment).

In connection with its efforts to collect the Judgment, Bank of America issued an information subpoena with a restraining notice, dated July 26, 2022 (hereinafter the Restraining Notice), to Signature Bank. In the Restraining Notice, Bank of America demanded that Signature Bank restrain the subject account. Bank of America restrained $1,003,519.86 of the Petitioner's money in the subject account to satisfy the Judgment.

## LAW AND APPLICATION

The petitioner seeks an order: (1) declaring that the petitioner is the sole owner of the $1,003,519.86, constituting the Insurance Proceeds, in the subject account, and (2) permanently restraining Bank of America from executing or levying upon the Insurance Proceeds; or otherwise seeking to satisfy its Judgment against Moshe G. from the Insurance Proceeds; and an award of attorney's fees and the costs incurred in bringing this petition.

CPLR Article 4 sets forth the rules governing special proceedings. In particular CPLR 409 (b) provides in pertinent part that the court shall make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised. Pursuant to CPLR 409 (b), in a special proceeding, where there are no triable issues of fact raised, the court must make a summary determination on the pleadings and papers submitted as if a motion for summary judgment were before it (*see Matter of Korotun v Laurel Place Homeowner's*

*Assn.*, 6 AD3d 710, 711 [2d Dept 2004], citing *Matter of Friends World Coll. v Nicklin*, 249 AD2d 393 [2d Dept 1998]).

The instant petition is a special proceeding. Under Banking Law § 675, the opening of a joint bank account creates a rebuttable presumption that each named tenant is possessed by the whole of the account so as to make the account vulnerable to a levy of a money judgment by the judgment creditor of one of the joint tenants (*see Matter of Signature Bank v HSBC Bank USA, N.A.* 67 AD3d 917, 918 [2d Dept 2009]; Banking Law § 675 [b]). The presumption can be rebutted by direct proof that no joint tenancy was intended or substantial circumstantial proof that the joint account had been opened for convenience only (*id.*).

Here, the petitioner's evidentiary submissions did not not meet the burden of proof to rebut the presumption that the 8641 Account, that is, the subject account is a joint account between both the petitioner and Moshe G. and that each named tenant is possessed by the whole of the funds in the 8641 Account. Accordingly, the relief sought in the verified petition is hereby denied and the special proceeding is dismissed on the merits.

Bank of America seeks an order pursuant to CPLR 3211(a)(4) dismissing the instant special proceeding or, alternatively, pursuant to CPLR 2201 to staying the special proceeding.

Pursuant to CPLR 3211(a)(4), a court has broad discretion in determining whether an action should be dismissed on the ground that there is another action pending between the same parties for the same cause of action (*Thelot v Patterson*, 179 AD3d 1077, 1078 [2d Dept 2020], citing *Whitney v Whitney*, 57 NY2d 731, 732 [1982]). A court may dismiss an action pursuant

to CPLR 3211(a)(4) where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same (*Spicer v Spicer*, 162 A.D.3d 886, 887 [2d Dept 2018]; *Scottsdale Ins. Co. v Indemnity Ins. Corp. RRG*, 110 AD3d 783, 784 [2d Dept 2013]). Inasmuch as the petition is denied and dismissed Bank of America's motion is rendered academic.

## CONCLUSION

The petition by Raizy Gold pursuant to CPLR 5239 and 5240 for an order declaring that the petitioner is sole owner of the proceeds in a Signature Bank account No. ending in 8641 and to permanently restrain and bar the Respondent Bank of America, N.A. from executing and levying upon the proceeds from the 8641 Account is denied and the petition is dismissed.

The motion by respondent Bank of America, N.A. for an order pursuant to CPLR 3211 (a)(4) dismiss the instant special proceeding, or, alternatively, pursuant to CPLR 2201 stay the special proceeding is denied as academic.

The foregoing constitutes the decision and order of this Court.

ENTER:                                          _Francois A. Rivera_

                                                J.S.C.
                                                **HON. FRANCOIS A. RIVERA**
                                                J.S.C.